IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DARREL DENTEZE HORRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 123-064 |
| ) | |
| GOVERNOR BRIAN P. KEMP, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have taken place in Augusta, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) Governor Brian P. Kemp, (2) Officer TFC2 Austin Wynn, and (3) The Georgia Department of Public Safety ("GDPS"). (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On April 16, 2021, Plaintiff was driving on Interstate 20 through Augusta, Georgia, when a GDPS Officer, Defendant Wynn, pulled Plaintiff over for speeding. (Id. at 6.) Plaintiff told Defendant Wynn that speeding tickets are

unlawful and violate his constitutional rights. (Id.) At an unidentified point during the traffic stop, Plaintiff's person and vehicle were searched. (Id.) Plaintiff's personal property, including cell phones, cash, and clothing were seized. (Id.) After Trooper Bartlett arrived on scene and found drugs on the ground, Plaintiff was arrested and later booked into the county jail. (Id.) Due to his "false imprisonment," Plaintiff was unable to follow through with over $360,000 in business obligations owed to customers in Charleston, South Carolina. (Id. at 7.) Plaintiff requests $650,000 in monetary damages. (Id.)

## II. DISCUSSION

### A. The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

#### 1. Prison Litigation Reform Act Requirements

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); *see also* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh

Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F. 3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 1, pp. 11-12.) Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

### 2.     Plaintiff's Failure to Disclose His Prior Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff stated he had not filed other lawsuits in state or federal court dealing with the same facts as this action or any cases in state or federal court relating to the conditions of his imprisonment. (Doc. no. 1.) However, the Court is aware of at least one other case Plaintiff filed dealing with the same facts: Horry v. Kemp, et al., No. 2:23-CV-095 (N.D. Ga. June 15, 2023).[1] In this Northern District case,

---

[1] Plaintiff also separately filed three federal cases which were dismissed. While these cases primarily relate to his underlying state criminal proceedings, each of these cases included reference to Plaintiff's arrest at the center of the instant case. Horry v. United States, CV 123-76 (S.D. Ga. October 16, 2023); Horry v. United States, CV 5:23-131 (M.D. Ga. Apr. 14, 2023); Horry v. Walker, CV 123-053 (S.D. Ga. May 1, 2023), *appeal filed* No. 23-12363-H (11th Cir. July 19, 2023). Plaintiff did not disclose these federal cases.

3

Plaintiff petitioned for a writ of habeas corpus and provided a statement of his claims that was nearly identical to the statement of claims in the instant case. See id., doc. no. 1. Plaintiff commenced his prior case on March 28, 2023, id., before the filing his complaint in the instant case on May 8, 2023, (doc. no. 1, p. 13), meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior

cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior case discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

    **B.**    **The Case Should Also Be Dismissed Because Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted**

Even if Plaintiff had truthfully disclosed his prior filing history, the case should be dismissed for failure to state a claim upon which relief may be granted, as Plaintiff's claims

fall into one of two categories: (1) claims barred by Heck v. Humphrey or (2) claims that are time-barred under the applicable statute of limitations.

### 1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]

that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Claims Barred by Heck v. Humphrey

Dismissal is warranted because the crux of Plaintiff's claims is that his traffic stop and subsequent arrest were unconstitutional and, therefore, his resulting conviction and incarceration are unlawful. (See generally doc. no. 1.) To the extent that Plaintiff brings claims for which "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," these claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Claims barred by Heck do not accrue unless and until Plaintiff's conviction or sentence has been invalidated. See Krocka v. Hillsborough Cnty. Sheriff's Off., 761 F. App'x 895, 901 (11th Cir. 2019) (*per curiam*) (citing Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (*per curiam*)). While the Court notes Plaintiff filed an appeal, there has been no ruling to invalidate his conviction or sentence as of the date of this Order.[2] Thus, if his conviction is overturned in the future, it appears Plaintiff may still timely re-file the § 1983 claims which would imply the invalidity of his current incarceration, should he choose to do so. See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*)

---

[2] See Richmond County Superior Court docket, available at https://www.augustaga.gov/421/Case-Management-Search (click "Yes I agree"; follow "Criminal Search" hyperlink; search for "Horry," open 2021RCCR01129) (last visited November 14, 2023) (showing *pro se* appeal filed October 14, 2023); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

(affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

### 3. Claims Barred by the Statute of Limitations

To the extent that Plaintiff brings claims that would "*not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," Heck, 512 U.S. at 487, these claims are time-barred and thus subject to dismissal under the two-year statute of limitations applicable in Georgia. Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62). Here, Plaintiff dated his complaint May 9, 2023, and the Court received it for filing on May 18, 2023. (See doc. no. 1.) Because the alleged wrongful arrest occurred on April 16, 2021, (id. at 6), and Plaintiff has provided no information to suggest that his "detention without legal process" persisted beyond May 8, 2021, Plaintiff's claims not resting on the invalidity of his imprisonment are outside of the two-year statute of limitations period and are subject to dismissal. See Wallace v. Kato, 549 U.S. 384, 389 (2007).

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted,

8

the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of November, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA